# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULIE ANN WITT,

    Defendant.

Case No. 99-20013-JAR

## MEMORANDUM AND ORDER

This matter is presently before the Court on victim State Bank of Table Rock's Motion to Modify Restitution (Doc. 25), filed March 31, 2017; the government has objected (Doc. 26). For the reasons explained in detail below, the Court denies the motion.

## I. Background

Defendant Julie Ann Witt was convicted on bank fraud pursuant to 18 U.S.C. § 1014 on May 3, 1999. Judgment was entered May 5, 1999, imposing financial penalties of a $50.00 special assessment and $345,625.74 restitution to be paid to the victim State Bank of Table Rock, pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A.[1] Defendant was also sentenced to fifteen months' imprisonment and five years of supervised release. The government states that the assessment has been paid in full and the United States has credited $39,288.63 to the restitution debt, leaving a balance of $306,377.11 due and owing as of March 31, 2017.

---

[1] Doc. 14.

Witt and the victim, State Bank of Table Rock, entered into a Mutual Release Agreement on August 15, 2014.[2] That Agreement states that Witt was to pay the sum of $25,000 to State Bank of Table Rock ($10,000.00 by August 15, 2014, and then $500.00 per month from September 14, 2014, for thirty (30) months) at which time the victim bank would release all judgments and restitution orders that it held against Witt. The government states that all payments made directly to the bank have been credited against the restitution order in this case. The government further states that it was not consulted by Witt or the victim bank prior to execution of the settlement agreement on August 15, 2014, but was provided a copy on August 20, 2014.

## II. Discussion

As relevant to this case, the MVRA "shall apply in all sentencing proceedings" following a conviction for "any offense committed by fraud or deceit."[3] The Supreme Court has explained that while criminal restitution "serves punishment purposes" by implicating the government's prosecutorial powers, its "primary goal" is "remedial or compensatory."[4] "Thus, the principal aim of such restitution is to ensure that crime victims, to the extent possible, are made whole for their losses."[5] "To these ends, an order of restitution imposed pursuant to the MVRA must be based on 'the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.'"[6]

---

[2] Doc. 25, Ex. A.

[3] 18 U.S.C. § 3663A(c)(1)(A)(ii).

[4] *Paroline v. United States,* 134 S. Ct. 1710, 1726 (2014).

[5] *United States v. Ferdman,* 779 F.3d 1129, 1132 (10th Cir. 2015) (citation omitted).

[6] *Id.* (quoting 18 U.S.C. § 3664(f)(1)(A)).

Neither Witt nor the victim bank contest the validity of the amount of restitution ordered, nor do they contend the sentence was illegal. Instead, the victim bank requests the Court modify the amount of restitution due the bank in accordance with the Mutual Release Agreement between the parties whereby Witt would pay a greatly reduced amount to the bank in settlement of her restitution sentence. The Court's order of restitution dated May 5, 1999, however, constitutes a final judgment, notwithstanding the fact that such sentence may be corrected, appealed, amended, or adjusted under certain circumstances under 18 U.S.C. § 3664(o).

Section 3664(o) references several limited circumstances whereby orders of restitution may be modified, including those set out in Fed. R. Crim. P. 35 (order may be corrected); 18 U.S.C. § 3742 (order may be appealed); § 3664(d)(5) (order may be amended); §§ 3664(k), 3572, or 3613A (order may be adjusted); and §§ 3565, and 3614 (defendant may be resentenced).[7] The Court has considered each of these statutes and finds nothing in any of the sections cross-referenced in § 3664(o) that would provide a basis for the Court to alter an order of restitution by decreasing the total amount to less than the full amount of loss suffered by the victim. Although §§ 3664(d)(5) and (k) may allow a sentencing court to modify the method and manner of payment by altering the periodic payment schedule in certain circumstances, the victim bank does not cite, nor could the Court find, authority for the proposition that a defendant may be ordered to pay restitution in an amount less than "the full amount of each victim's losses."[8] The MVRA simply does not provide statutory authority for modification of a final order of restitution by settlement between a defendant and victim.[9]

---

[7] 18 U.S.C. § 3664(o).

[8] 18 U.S.C. § 3664(f)(1)(A).

[9] *See United States v. Mastrelli*, 156 F. App'x 144, 146 (11th Cir. 2005) (per curiam) (holding § 3664(k) provides no basis for the discharge of an entire restitution obligation on grounds of a negotiated partial settlement); *United States v. Duck*, No. 97-20040-JWL, 1999 WL 319077, at *1–2 (D. Kan. 1999) (refusing to alter the amount

**III.     Conclusion**

In sum, the Mutual Release Agreement entered into between Witt and the victim, State Bank of Table Rock, is ineffective to compromise the criminal restitution judgment, a final order entered pursuant to the MVRA.  Because the Court lacks the authority to grant the relief the victim bank requests, the Court must deny the motion to modify restitution order.

**IT IS THEREFORE ORDERED BY THE COURT** that the Victim's Motion to Modify Restitution (Doc. 25) is DENIED.

**IT IS SO ORDERED.**

Dated: <u>May 19, 2017</u>

                                              S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

of restitution due a victim by the criminal defendant who had proposed a settlement agreement with the agreement of the corporate victim).